**Aurelio Roger MONTOYA,
Petitioner–Appellant,**

v.

**A.C. NEWLAND, Warden,
Respondent–Appellee.**

No. 01–16953.

D.C. No. CV–00–01812–CRB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 20, 2003.

■

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Carsey's motion for judicial notice of briefing filed in the Washington state courts is denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Aurelio Roger Montoya appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his conviction and sentence for receiving stolen property. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Montoya contends that he was denied his Sixth–Amendment right to counsel by the trial court's denial of his motion for substitution of counsel pursuant to *People v. Marsden*, 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970). We disagree.

During an evidentiary hearing the state trial court noted that appointed counsel actively represented Montoya and made tactical decisions on his behalf. Moreover, after reviewing the evidentiary hearing conducted by the state trial court, the state appellate court determined that any disagreement between Montoya and his appointed counsel did not signal a complete breakdown in the attorney-client relationship impeding an adequate defense. *See Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir.2000) (en banc) (deciding that the ultimate question in reviewing a denial of a § 2254 petition was not whether the state trial court erred in handling a substitution motion, but rather whether any error actually resulted in a total lack of communication that, in turn, resulted in representation that fell short of Sixth–Amendment standards).

The district court correctly held that Montoya did not demonstrate by clear and convincing evidence that the state court's finding was incorrect, and that its factual determinations were "objectively unreasonable" in light of the record before the court. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1045, 154 L.Ed.2d 931 (2003) (stating standard for securing habeas relief). Accordingly, the district court properly denied Montoya's petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied*, 537 U.S. 1149, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent Montoya contends that his 25–years–to–life sentence constitutes cruel and unusual punishment, we decline to address that issue because it is not encompassed in the certificate of appealability. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam). Moreover, we note that this contention is foreclosed by the Supreme Court's recent decisions in *Lockyer v. Andrade*, —— U.S. ——, ——, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that a state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to, or an unreasonable application of, clearly established Federal law), and *Ewing v. California*, —— U.S. ——, ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that petitioner's 25–years–to–life sentence under the California three-strikes law did not violate the Eighth Amendment's prohibition against cruel and unusual punishment).